# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:10-cr-00069-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FLOYD LEE BAKER, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 34], which the Court construes as a motion by the Defendant to reduce his sentence.

In his motion, the Defendant argues that the Court erroneously applied a two-level enhancement in calculating the guideline range for his sentence and that his counsel erred in failing to object to this enhancement during his sentencing. [Id.]. Noting that it appeared that the Defendant may be intending to bring an action pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his conviction and sentence based on the ineffective assistance of counsel, the Court provided the Defendant with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intended to recharacterize this

motion as an attempt to file a motion pursuant to 28 U.S.C. § 2255. [Doc. 35]. The Defendant was accordingly given the opportunity to advise the Court whether he agreed or disagreed with this recharacterization of the motion. [Id.].

On June 16, 2016, the Court received a letter from the Defendant, stating that he "<u>does</u> <u>not</u> agree that the letter should be characterized as a motion under § 2255 and respectfully asks that the Court construe the letter simply as a motion challenging the calculation of [his] sentence under the United States Sentencing Guidelines." [Doc. 36 at 1]. Based on the Defendant's objection to the characterization of this motion as a motion to vacate pursuant to 28 U.S.C. § 2255, the Court will treat this motion as a motion objecting to the calculation of his sentence under the Guidelines.

The original Guidelines calculation of the Defendant's sentence was set forth in his Presentence Report (PSR). Rule 32 of the Federal Rules of Criminal Procedure provides a means by which a defendant can file objections to the PSR. <u>See</u> Fed. R. Crim. P. 32(f). The Defendant, however, did not object to the PSR on this basis, nor did he raise this issue on direct appeal. Accordingly, the Defendant has waived further challenge to his PSR.

See United States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989); United States v. Scott, 8 F. App'x 275, 276 (4th Cir. 2001) (per curiam).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 34], which the Court construes as a motion by the Defendant to reduce his sentence, is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 26, 2016

Martin Reidinger
United States District Judge