# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:10-cr-00069-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| FLOYD LEE BAKER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 38], which the Court construes as a motion by the Defendant to reduce the term of supervised release imposed and for the appointment of counsel.

Even though the Defendant remains incarcerated, he seeks a reduction of the term of supervised release that has been imposed to commence upon his release. For grounds, the Defendant argues that a term of life is not warranted and equates to an unfair deprivation of liberty. The Defendant further requests the appointment of counsel in pursuing this sentence reduction. [Doc. 38].

Prisoners have no constitutional right to counsel in a post-conviction proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Rouse v.

Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004). Nonetheless, the Court may appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). Accordingly, the Defendant's motion for appointment of counsel is denied.

The Defendant's request for a reduced term of supervised release is also denied. Pursuant to 18 U.S.C. § 3582(c), the Court may reduce or modify a sentence only: (1) upon motion of the Director of the Bureau of Prisons, if certain extraordinary and compelling reasons so warrant; (2) under the express authority of Rule 35 of the Rules of Criminal Procedure, which provides that the Court may correct a clear error in a sentence within 14 days after sentencing or reduce a sentence upon motion by the Government for the defendant's substantial assistance; or (3) when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing

Commission. See 18 U.S.C. § 3582(c). None of these circumstances are presented by the present motion.

Once the Defendant has been released from prison and has served some substantial portion of his term of supervised release, he may move for an early termination of supervised release based on his compliance. See 18 U.S.C. § 3583(e)(1). Since the Defendant remains incarcerated, such motion would be premature at this time.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 38], which the Court construes as a motion by the Defendant to reduce the term of supervised release imposed and for the appointment of counsel, is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 21, 2016

Martin Reidinger
United States District Judge