IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Criminal Case No. 1:10-cr-00069-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| FLOYD LEE BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on the Defendant's letter, which the Court construes as a motion challenging the categorization of the Defendant's offense of conviction by the Bureau of Prisons ("BOP") [Doc. 40].

The BOP's categorization of a prisoner's offense is subject to review by the court pursuant to a writ of habeas corpus. See, e.g., Cunningham v. Scibana, 259 F.3d 303, 305 (4th Cir. 2001) (reviewing challenge to BOP's classification program under 28 U.S.C. § 2241). To the extent that the Defendant seeks review of the BOP's classification of his offense, however, he must first exhaust his administrative remedies through the BOP. See McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam) (holding that federal prisoner must exhaust administrative remedies before

filing § 2241 petition).  Further, claims pursuant to 28 U.S.C. § 2241 must be raised in the district of confinement.  <u>In re Jones</u>, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should first address his claim to the Bureau of Prisons.  Once his BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion [Doc. 40] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: July 7, 2018

Martin Reidinger
United States District Judge